PROVOSTY, J.
In 1882, Sarah A. Greening, John J. Greening, Thomas J. Greening, and Willie L. Greening, executed a mortgage in favor of S. E. Russ on certain lands.
In 1887, Russ obtained a judgment on the mortgage debt with recognition of the mortgage, and caused a fl. fa. to be issued on the judgment; and under this fi. fa. the sheriff seized and sold certain lands, including the mortgaged lands.
The lands were adjudicated to Russ. Later Russ sold them to the defendant Brinkerhoff. Russ and Brinkerhoff have had possession of the lands since 1887, and have since then been paying the taxes thereon. The acreage was large, as can be seen from the following description transcribed from the act of mortgage:
"All that part of section twenty-four in township thirteen (13) range eleven (11) west of Red river and all that part of section nineteen (19) in township thirteen (13) of range ten (10) and all' that part of north half of section thirty (30) in township thirteen of range ten (10) and all that part of north half of south half of section thirty (30) in township thirteen (13) of range ten (10) lying and being west of Red river and southwest quarter of section thirty (30) in township thirteen of range ten (10) and NW % of Sec. 31, T. 13 of R. 10, and also, south % of southwest % of Sec. 26 and west % of Sec. 35 in T. 13 of range 11 and NW}4 of Ey2 of SW^ and fractional west half of northwest % of SW% of Sec. 2 and fractional No. 6 east of Bayou Pierre in T. 12, R. 11. Also lots 1 and 2 in Sec. 20 east of Red river in T. (13) thirteen of range 10, also lot 1 of section 30 east of Red river, being the fractional northeast quarter of northeast of said section 30 in T. 13 of R. 10, fifteen and 7Vioo acres lots w of Sec. 30 east of Red river being fractional SE%' of NEP of said section 30 in T. 13 of R. 10 twenty-seven & 2Vioo acres- Also lot 1 twenty-six and 41/ioo acres and lot (2) two thirty-five and 02/100 acres and lot five twenty-three and 13/noo acres of section (19) in T. (13) of R. 10 and all that part of section (13) of R. 11 and lot one of section 30 thirty-eight 20/ioo acres in T. 13 of R. 10 lot six of section 30 twenty-eight and i7/ioo acres in T. 13 of R. 10, lot (3) three and four (4) forty (40) acres of section 19 in T. 13 of R. 10, and lots (4), (5) and (8) forty acres each and lot seven (7) forty-two and 10/100 acres of Sec. 30 in T. 13 of R. 10, lots 2 and 3 40 acres each in Sec. 30 in T. 13 N. of R. 10, lot 9 forty acres (40) of Sec. (30) in T. 13 of R. 10 & the NWP of Sec. 31 in T. 13 of R. 10 160 acres and may fully be described as all that part of section (24) in T. 13 of R. 11 lying and being west of Red river and all that part of section (10) lying and being west of Red river and that part of the north % of section 30 and all that part of the north half of south half (%) of Sec. 30 lying west of Red river and the southwest % of southwest P. of sec. 40 and the north W3/ of sec. 31 all in T. 13 of R. 10, containing seven hundred and twenty-three 19Aoo acres. Also the south half of southwest % of Sec. 26 and W% of Sec. 35 in T. 13 of R. 11 & NW1/* of E % of south W% and fractional west % of NW3/L of SWP of Sec. (3) and fractional lot 6 of Sec. 3 east of Bayou Pierre river, all in T. 12 of R. 11, containing in all six hundred and seventy nine & lz/ioo acres with all the buildings and improvements thereon.”
The lands could not at that time have had much value, since the judgment in satisfaction of which they were seized and sold was only for $2,500; and they were adjudicated at the sheriff’s sale for $4,800.
The plaintiffs claim as heirs of the above-named Greenings. Their contention is that the bafture, or land on the river side of the levee, in section 19, T. 13, R. 10, was already in existence at the dates of the said mortgage and sheriff’s sale, and was not included in same, and hence continued to belong to the Greenings and passed to their heirs.
From the time of the said sheriff’s sale, in 1887, until the filing of the present suit, in 1915, the plaintiffs paid no taxes on the property now claimed, and, so far as known, laid no claim to same. But latterly the lands of the neighborhood, including this batture, have become immensely valuable as the result of the discovery of oil.
It is noted that among the lands covered by the mortgage, and seized under the fl. fa. and sold by the sheriff, was “that part of *763 section 19, T. 13, R. 10, lying west of Red river.”
Red river runs through section 19, dividing it into a northeast part and southwest part. The land mortgaged and sold in section 19 was the southwest part. The said batture, as it gradually formed, added itself to this southwest part and became part of “that part of section 19 west of Red river.” It fell therefore squarely within the description contained both in the act of mortgage and in the sheriff’s deed.
Moreover, these lands including whatever part of this batture then existed, formed part of a plantation bounded on the east by Red river; and there can be no serious doubt but that the intention of the parties in giving the mortgage, and of the sheriff in seizing and selling, was to include the entire plantation.
The learned trial judge rejected plaintiff’s claim.
Judgment affirmed.